IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HELENA M. BRUNDIDGE,

                 **Plaintiff,**

    v.                                                          1:13-cv-1491-WSD

U.S. BANK NATIONAL
ASSOCIATION, AS TRUSTEE
FOR J.P. MORGAN MORTGAGE
ACQUISITION CORP. 2005-FLD1,
ASSET BACKED PASS THROUGH
CERTIFICATES, SERIES 2005-
FLD1,

                 **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant U.S. Bank National

Association, as Trustee for J.P. Morgan Mortgage Acquisition Corp. 2005-FLD1,

Asset Backed Pass Through Certificates, Series 2005-FLD1's ("Defendant" or

"U.S. Bank as Trustee") Motion to Dismiss [4] Plaintiff Helena M. Brundidge's

("Plaintiff") Complaint [1.1 at 3-14].

## I.     BACKGROUND

On January 27, 2005, Plaintiff obtained a loan from Fieldstone Mortgage

Company ("Fieldstone") in the amount of $297,000, secured by a deed ("Security

Deed") to real property located at 2910 Ridge Spring Court, Alpharetta, Georgia

(the "Property").  (Compl. ¶ 6; Security Deed [1.1 at 21-38] at 1, 3).  Plaintiff

executed the Security Deed in favor of Mortgage Electronic Registration Systems,

Inc. ("MERS"), as nominee for Fieldstone and Fieldstone's successors and assigns.

(Security Deed at 1).  Under the terms of the Security Deed, Plaintiff "grant[ed]

and convey[ed] to MERS, (solely as nominee for [Fieldstone] and [Fieldstone's]

successors and assigns) and the successors and assigns of MERS, with power of

sale, the [Property]."  (Id. at 3).

On February 19, 2010, MERS, as nominee for Fieldstone, assigned its rights

under the Security Deed (the "Assignment") to U.S. Bank as Trustee.  (Compl. ¶ 7

& Ex. D [1.1 at 40]).

B.    Brundidge I

On August 3, 2010, Johnson & Freedman, LLC ("J&F"), on behalf of U.S.

Bank as Trustee, sent Plaintiff a notice of foreclosure sale, stating that Plaintiff had

defaulted on her loan obligations and that U.S. Bank as Trustee would conduct a

foreclosure sale of the Property on the first Tuesday of September, 2010.  (Def's

Mot. to Dismiss Ex. 1 [4.2] at 14-16).[1]

---

[1]    Defendant attaches to its Motion to Dismiss copies of Plaintiff's complaint,
its answer and counterclaim, and the court's order granting summary judgment, in
Brundidge v. Johnson & Freedman, LLC, et al., No. 10cv2029 ("Brundidge I"),

On September 13, 2010, Plaintiff filed a complaint in the Superior Court of Forsyth County, Georgia ("Brundidge I"), asserting claims for unfair business practices, intentional infliction of emotional distress, defamation of character, and "attempted foreclosure fraud and mischief," against Fieldstone, MERS, J&F, J.P. Morgan Mortgage Acquisition Corp. ("JPMorgan") and "U.S. Bank N.A."  (Id. at 2-13).  Plaintiff argued that the Security Deed was void, that the Assignment was not valid, and that the defendants lacked standing to foreclose on the Property. Plaintiff sought to quiet title to the Property, to enjoin foreclosure proceedings, a declaration that the Security Deed and Plaintiff's loan are void, and to recover compensatory and punitive damages, attorney's fees and costs.

On November 10, 2010, U.S. Bank as Trustee, claiming that Plaintiff had "incorrectly identified [it] as 'U.S. Bank, N.A.'" in her complaint, filed its answer and counterclaim in Brundidge I.  (Id. at 22-33).  In its counterclaim, U.S. Bank, as Trustee, sought a declaration that it is the holder of Plaintiff's Security Deed and the underlying promissory note, that Plaintiff had defaulted on her loan obligations,

---

filed in Forsyth County Superior Court.  These documents are matters of public record, Plaintiff does not object to their authenticity, and the Court may consider them.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 355 (2007) (on a motion to dismiss, court must consider the complaint and matters of which it may take judicial notice); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1276-1278 (11th Cir. 1999) (court may take judicial notice of official public records and may base its decision on a motion to dismiss on the information in those records).

and that U.S. Bank as Trustee is entitled to exercise the power of sale in the Security Deed.[2]

On March 25, 2011, MERS, JPMorgan and U.S. Bank as Trustee filed their motion for summary judgment on Plaintiff's claims, which the court granted on September 19, 2011.  (Id. at 59-61).  The court also granted summary judgment for U.S. Bank as Trustee on its counterclaim and declared that U.S. Bank as Trustee is entitled to exercise the power of sale in the Security Deed and sell the Property at foreclosure.  (Id. at 60).

     C.    The Current Action

On October 10, 2012, U.S. Bank as Trustee published a notice of sale under power, which states that U.S. Bank as Trustee will sell the Property at foreclosure on the first Tuesday in November, 2012.  (Compl. ¶ 12 & Ex. F [1.1 at 45-47]).

On March 6, 2013, Plaintiff filed her Complaint in the Superior Court of Fulton County, Georgia, against U.S. Bank as Trustee seeking to enjoin foreclosure and "declar[e] the rights of Plaintiff as sole owner of [the P]roperty."  (Compl. at 12).  Plaintiff argues, as she did in Brundidge I, that U.S. Bank as Trustee lacks standing to foreclose on the Property because the Security Deed is void and the Assignment is not valid.

---

[2]    U.S. Bank as Trustee voluntarily dismissed without prejudice its additional counterclaim for judgment on Plaintiff's promissory note.

On May 3, 2013, U.S. Bank as Trustee removed the Fulton County action to this Court based on diversity jurisdiction.  (Notice of Removal [1]).

On May 9, 2013, U.S. Bank as Trustee moved to dismiss Plaintiff's Complaint on the basis that the Forsyth County Superior Court's order in Brundidge I bars Plaintiff's claims in this action under the doctrine of *res judicata*.

## II.    DISCUSSION

In determining the preclusive effect of a state-court judgment under *res judicata*, a federal court must apply the rendering state's law of preclusion.  See Kizzire v. Baptist Health Sys., Inc., 441 F.3d 1306, 1308 (11th Cir. 2006) (citing 28 U.S.C. § 1738).  Because Brundidge I was decided by the Forsyth County Superior Court, Georgia law applies here.  In Georgia, "[t]hree prerequisites must be satisfied before *res judicata* applies—(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction."  Karan, Inc. v. Auto-Owners Ins. Co., 629 S.E.2d 260, 262 (Ga. 2006); see also O.C.G.A. § 9-12-40.

It is undisputed that the causes of action asserted in Brundidge I are the same causes of action Plaintiff asserts in this litigation.  See Morrison v. Morrison, 663 S.E.2d 714 (Ga. 2008) (A cause of action is "the entire set of facts which give rise to an enforceable claim."); Moate v. Moate, 456 S.E.2d 502 (Ga. 1995)

(judgment on counterclaim has preclusive effect on future claims, even if complaint was dismissed without prejudice).  It is also undisputed that the Forsyth County Superior Court had jurisdiction in <u>Brundidge I</u> and that its September 19, 2011, order constitutes a final adjudication on the merits of the claims asserted. <u>See</u> Ga. Const. 1983, Art. VI, § IV, ¶ 1 (superior courts have exclusive jurisdiction in cases respecting title to land and in equity); O.C.G.A. § 9-4-2 (superior courts have jurisdiction over declaratory judgment actions); <u>Jones v. Powell</u>, 379 S.E.2d 259 (Ga. Ct. App. 1989) (*res judicata* barred subsequent action where grant of summary judgment in previous action was not appealed).

Plaintiff argues, however, that the identity of the parties is not the same because her complaint in <u>Brundidge I</u> named "U.S. Bank, N.A." as a defendant, while her Complaint here is against "U.S. Bank National Association, as Trustee for J.P. Morgan Mortgage Acquisition Corp. 2005-FLD1, Asset Backed Pass Through Certificates, Series 2005-FLD1."  The Court disagrees.

Under Georgia law, "[t]he term 'party' to an action includes all who are directly interested in the subject matter, and who have a right to make defense, control the pleadings, examine and cross-examine witnesses, and appeal from the judgment."  <u>State Bar of Georgia v. Beazley</u>, 350 S.E.2d 422, 424 (Ga. 1986). Although in <u>Brundidge I</u> Plaintiff's complaint named "U.S. Bank, N.A." as a

defendant, U.S. Bank as Trustee, asserting that it had been "incorrectly identified as 'U.S. Bank, N.A.,'" filed an answer, counterclaim and motion for summary judgment in that action.  The Forsyth County Superior Court held that U.S. Bank as Trustee was entitled to summary judgment on Plaintiff's claims and on its counterclaim, and specifically held that U.S. Bank as Trustee is entitled to exercise the power of sale in the Security Deed.  Plaintiff did not argue in Brundidge I that U.S. Bank as Trustee was not the entity against which she asserted claims and she did not object to U.S. Bank as Trustee's participation in the litigation.  Plaintiff cannot now avoid the preclusive effect of the court's determination in Brundidge I that U.S. Bank as Trustee has standing to foreclose on the Property by claiming, for the first time in this subsequent litigation, that U.S. Bank as Trustee was not a party in Brundidge I.  See Beazley, 350 S.E.2d at 424 (defendant was a party to the action for res judicata purposes where, although not named in the complaint, trial court invited it to participate in action and it acted and was treated like a party, including by filing an answer, responses and its own motions; trial court erred in holding that "strictly speaking" defendant was not a party because its name did not appear in case style); Kaylor v. Rome City School Dist., 600 S.E.2d 723 (Ga. Ct. App. 2004) (rejecting plaintiff's argument that "Rome City Schools," misnamed defendant in prior action, was not the same party as the current

defendant, "Rome City School District;" identity of the parties existed where school district "was directly interested in the subject matter" of prior action and, despite being misnamed, vigorously defended it by filing an answer, discovery, and motions in prior action).[3]  U.S. Bank as Trustee was a party in Brundidge I.

Brundidge I and this action involve the same parties and the same causes of action.  The Forsyth County Superior Court had jurisdiction in Brundidge I and its September 19, 2011, order constitutes a final adjudication on the merits of the claims asserted.  Because each requirement of *res judicata* is satisfied, the preclusive effect of the Forsyth County Superior Court's order in Brundidge I bars consideration of Plaintiff's Complaint in this Court.  Plaintiff already had a full and fair opportunity to litigate her claims regarding title to, and possession of, the

---

[3]      To the extent Plaintiff argues that U.S. Bank and U.S. Bank as Trustee are not the same party and are not in privity because she asserted claims in Brundidge I against U.S. Bank "as a separate entity" from the trust, Plaintiff's complaint did not allege that U.S. Bank acted independent of its position as trustee.  Rather, Plaintiff asserted claims in Brundidge I against the entity attempting to foreclose on the Property and the notice of foreclosure attached to Plaintiff's complaint indicates that it was sent on behalf of, and that the foreclosure sale was being conducted by, U.S. Bank as Trustee.  Thus, even if the parties were not the same, which they are, Brundidge I still precludes consideration Plaintiff's claims in this action because U.S. Bank and U.S. Bank as Trustee are in privity.  See Miller v. Butler, 49 S.E. 754 (Ga. 1905) (trustee of an estate may institute or defend actions relating the estate without joining trust beneficiaries, and in absence of fraud, beneficiaries are bound by the judgment); Rushing v. Sikes, 165 S.E. 89 (Ga. 1932) ("The general rule is that those represented by the trustee would be bound by a judgment against him as such, although they were not parties to the proceeding in which the judgment was rendered.").

Property, and she is not entitled to another bite at the apple.  U.S. Bank as

Trustee's Motion to Dismiss is required to be granted.

## III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant U.S. Bank National

Association, as Trustee for J.P. Morgan Mortgage Acquisition Corp. 2005-FLD1,

Asset Backed Pass Through Certificates, Series 2005-FLD1's Motion to Dismiss

[4] is **GRANTED**.

**SO ORDERED** this 13th day of January, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE